IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY

**RICHARD VILLANUEVA,**
**formerly known as**
**RICHARD ZEBROWSKI,**

      **Petitioner,**

v.                                                **Case No. 5:13-cv-22807**

**JOEL ZIEGLER, Warden,**
**FCI Beckley,**

      **Respondent.**

## O R D E R

Pending before the court are the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1), the petitioner's Motion for Name Change (ECF No. 6) and the petitioner's Motion for Leave to Supplement or Amend Section 2241 Petition (ECF No. 7). The petitioner subsequently filed a Notice of Supplemental Authority (ECF No. 8). The undersigned will address the pending motions herein.

*Motion for Name Change (ECF No. 6)*

On October 17, 2013, the petitioner filed a Motion for Name Change (ECF No. 6), in which he states that the Federal Bureau of Prisons ("BOP") has recognized a change of his name from "Richard Zebrowski" to "Richard Villanueva." The undersigned's staff checked the BOP Inmate Locator on the internet (www.bop.gov) and determined that the petitioner is listed in that system as "Richard Villanueva," with Register Number

13518-014,[1] who is listed as being incarcerated at FCI Beckley. There is presently no record in the BOP Inmate Locator for a "Richard Zebrowski." The petitioner's name has also been modified on the petitioner's criminal docket sheet in the District of Connecticut, Case No. 3:99-cr-00112-JCH-1.

This matter is before the court for initial screening, and no Order to Show Cause has been issued. Based upon the current listing in the BOP Inmate Locator, a review of the petitioner's criminal docket sheet in the District of Connecticut, and the representations made by the petitioner in his motion, it is hereby **ORDERED** that the petitioner's Motion for Name Change (ECF No. 6) be **GRANTED**. However, because certain BOP or court records that this court may need to review may still be listed under the name "Richard Zebrowski," it is further **ORDERED** that the Clerk modify the style of this case to name the petitioner as "Richard Villanueva, formerly known as Richard Zebrowski."

*Motion to Amend or Supplement Petition (ECF No. 7)*

The petitioner's section 2241 petition (ECF No. 1) and Memorandum in Support (ECF No. 2) assert that he is actually innocent of being an Armed Career Criminal under 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA"), based on the decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013) (Ground One of the section 2241 petition), and also because he claims that the government cannot establish as a matter of law that one of the petitioner's prior convictions used to enhance his sentence under the ACCA falls within the definition of a "serious drug offense" under 18 U.S.C. § 924(e)(2) (Ground Two of the section 2241 petition).

---

[1] The undersigned notes that the Register Number provided by the petitioner in his motion is incorrect. The petitioner's motion listed his Register Number as 13581-014, which comes up under a different name of an inmate who has been released. It appears that the petitioner simply transposed the digits of his Register Number, which is 13518-014.

On February 3, 2014, the petitioner filed a Motion for Leave to Supplement or Amend Section 2241 Petition (ECF No. 7). In the Motion for Leave to Supplement or Amend, the petitioner seeks to offer additional authority and argument in support of Ground Two of his petition, and also seeks to add a third ground for relief, expanding his argument that he is "actually innocent" of the ACCA designation and enhancement because his prior Connecticut convictions for "assaulting an officer" do not qualify as "violent felonies" under 18 U.S.C. § 924(e). (*Id.* at 2-6). The petitioner asserts that he should be permitted to supplement or amend his petition to add these arguments pursuant to Rule 15(c) of the Federal Rules of Civil Procedure. (*Id.* at 1).

Rule 15(a)(2) of the Federal Rules of Civil Procedure, which is applicable to habeas corpus proceedings in federal court, provides that leave to amend shall be freely given when justice so requires. Additionally, in accordance with Rule 15(c)(1)(B), it appears that the proposed amendments to the petitioner's section 2241 petition arise out of the same conduct, transaction or occurrence as the claims raised in the initial petition (that being whether the petitioner was properly designated as an Armed Career Criminal warranting an enhancement of his sentence under 19 U.S.C. § 924(e)(1)). Furthermore, at present, the respondent has not been ordered to respond to the petition. Thus, the respondent will suffer no prejudice from the amendment of the petition.

Accordingly, the undersigned **FINDS** that it is in the interest of justice that the petitioner be given leave to amend his section 2241 petition to include the additional argument and grounds for relief contained in the Motion for Leave to Supplement or Amend Section 2241 Petition (ECF No. 7). Therefore, it is hereby **ORDERED** that the

petitioner's Motion for Leave to Supplement or Amend Section 2241 Petition (ECF No. 7) is **GRANTED**.

The Clerk is directed to mail a copy of this Order to the petitioner.

ENTER: September 15, 2014

_____
Dwane L. Tinsley
United States Magistrate Judge